```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FELICIA TAYLOR,                                                NOT FOR PUBLICATION

                           Plaintiff,
         -against-                                             MEMORANDUM
                                                               AND ORDER
NATIONAL CITY MORTGAGE;
JOHN DOE #1-10,                                                09-CV-2923(CBA)

                           Defendants.
-----------------------------------------------------------X
```

AMON, United States District Judge:

On July 6, 2009, plaintiff Felicia Taylor, filed this *pro se* action invoking the Court's diversity jurisdiction. She seeks $450,000 in compensatory damages and $250,000 in punitive damages. By order dated July 13, 2009, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court directs plaintiff to file an amended complaint as set forth below.

## Background

Plaintiff alleges that she "purchased a high cost mortgage loan under fault pretext and predatory lending scheme devised by the defendant and unknown others with the intent to gain unjust enrichment." Compl. at ¶ 3. Plaintiff further alleges that "the original lender intends to initiate foreclosure proceedings against plaintiff which will cause financial harm and injury." Compl. at ¶ 7. Plaintiff states that she resides in Queens County and that the defendant National City Mortgage "conduct[s] real estate business within the State of Florida, whose offices are located at Post Office Box 1820, Dayton OH 45401." Compl. at ¶¶ 1-2. Plaintiff does not provide the address of the property, see Compl. at ¶¶ 10, 30[c], but attached to the complaint as an unmarked exhibit, she has included an excerpt from a credit report and has handwritten "property address: that was sold by the bank: 1832 S.W. Feavs Ave, Port Saint Lucie FL 24953."

## Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Rene v. Citibank NA, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999).

## Discussion

The subject matter jurisdiction of the federal courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. A plaintiff properly invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a). Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (quoting Bell v. Hood, 327 U.S. 678, 681-685 (1946)). Here, plaintiff invokes the Court's diversity jurisdiction. Compl. at ¶ 1. However, it is unclear whether this is the proper Court to review this matter.

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Although plaintiff alleges that she resides in Queens County, she does not provide any other facts which would provide venue in this Court pursuant to § 1391(a). According to plaintiff, defendant conducted real estate business in Florida and has an office in Ohio, but she does not provide where the property is situated in her statement of claim or allege where any events or omissions giving rise to her claims occurred.

In an abundance of caution and in light of plaintiff's *pro se* status, the Court grants plaintiff leave to establish that this Court has venue over this matter by filing an amended complaint within 30 days from the entry of this Order. See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)(citation omitted). An amended complaint alleging jurisdiction based on diversity of citizenship must include statements to support the citizenship of each party named in the caption, where the property at issue is situated, where the foreclosure proceedings, if any, have been commenced, where the events or omissions giving rise to the claim occurred, the amount in controversy and the underlying state law claim. 28 U.S.C. § 1332.

Plaintiff is advised that if the property at issue is situated in Saint Lucie county, Florida or if foreclosure proceedings or any other proceedings related to this property have been commenced in Florida, then venue would properly lie in the United States District Court for the Southern District of Florida. See 28 U.S.C. § 89 (Saint Lucie county is located in the Southern District of Florida).

## Conclusion

Accordingly, the Court directs plaintiff to file amended complaint as set forth above. If plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear docket number 09-CV-2923 (CBA). The amended complaint must be filed within 30 days from the entry of this Memorandum and Order.

3

If plaintiff fails to file an amended complaint within the time allowed or the amended complaint provides that the property is situated in Saint Lucie County, Florida, then the action shall be transferred to the United States District Court for the Southern District of Florida. 28 U.S.C. § 1406(a) (district court may transfer case filed in the wrong district to any district in which it could have been brought). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
August 11, 2009